UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM STANLEY MIESEGAES,<br><br>Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, et al.,<br><br>Defendants. | Case No. CV 15-01574 CJC (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Fourth Amended Complaint ("4AC"), the Amended Interim Report and Recommendation of the United States Magistrate Judge ("Amended Interim Report"), Plaintiff's Objections, and all other records and files herein. Further, the Court has made a *de novo* determination of those portions of the Amended Interim Report to which objections have been made. Plaintiff advances two objections to the Amended Interim Report.

First, Plaintiff objects to the Amended Interim Report's recommendation that Defendants Wagoner, Campos, Kalem and Lockhart from the organization Disability Rights California ("DRC") (collectively, "DRC Defendants") be dismissed. Dkt. No. 57 ("Objections") at 1. Plaintiff argues that there is joint

action between the DRC Defendants and the State Hospital Defendants to be willfully indifferent to patients' constitutional rights. *Id.* at 2-3. Plaintiff's conclusory allegations regarding joint action are insufficient. *See Price v. State of Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) ("[A] defendant is entitled to more than the bald legal conclusion that there was action under color of state law.").

Plaintiff also contends that the DRC Defendants are entwined with State Hospital policies, management and control because DRC's policy is implemented and regulated by the State Hospital and its offices are located on state property. Objections at 3-4 & Ex. D. The state actor inquiry focuses on an individual's "function within the state system." *West v. Atkins*, 487 U.S. 42, 55, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Unlike a physician at a state prison hospital who is delegated the state's constitutional obligation to provide adequate medical care to prisoners, *see id.* at 56, the DRC Defendants are contracted by the state to provide independent advocacy and investigative services for patients. *See Huskey v. Ahlin*, No. 1:12-cv-00569-AWI-SKO (PC), 2014 WL 348449, at *4 (E.D. Cal. Jan. 31, 2014), *report and recommendation adopted*, 2014 WL 897340 (E.D. Cal. Mar. 6, 2014). Plaintiff does not dispute that his claim against the DRC Defendants involves their actions or omissions as advocates of State Hospital patients. The Court agrees with the district courts from the Northern District and Eastern District of California that the DRC Defendants' function as advocates is purely private, like the advocacy functions of state-appointed public defenders and guardians ad litem. *See Huskey*, 2014 WL 348449, at *4-5; *O'Haire v. Napa State Hosp.*, No. C 07-0002 RMW (PR), 2009 WL 2447752, at *7 (N.D. Cal. Aug. 7, 2009). Because the DRC Defendants do not act under color of state law, Plaintiff may not pursue his Section 1983 complaint against them.

Second, Plaintiff objects to the Amended Interim Report's recommendation to deny Plaintiff's motion to file supplemental pleadings. Objections at 4. Plaintiff asserts that Federal Rule of Civil Procedure 15(d) permits him to supplement his

pleadings because the focal point in both his original complaint and supplemental complaint is to redress the deprivation of rights and privileges secured by the Constitution. *Id.* at 4-5.

Although Rule 15(d) may not require that the newly alleged matters arise out of the same transaction as the subject of the original action, "[t]he rule is a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473-74 (9th Cir. 1988). A supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citation and quotation omitted). This case has been pending for almost three years and has not yet been served on any defendants. If the Court permitted Plaintiff to supplement, it would have to screen the new claims and allow amendment of any curable deficiencies, further delaying the progression of this matter. It is within the Court's discretion under Rule 15(d) to deny Plaintiff leave to supplement because supplementation would not be in the interests of judicial efficiency. Additionally, the Court agrees with the Amended Interim Report's finding that the proposed pleading asserts new and distinct claims, which cannot be introduced in a supplemental pleading.

Accordingly, the Court is not persuaded by Plaintiff's objections. The Court hereby accepts and adopts the Magistrate Judge's findings, conclusions, and recommendations.

IT IS ORDERED that:

(1) This action is dismissed with prejudice and without leave to amend as to:

    (a)    Defendants Persons, Landrum, Donahue, Wagoner, Campos, Kalem, and Lockhart;

    (b)    Claim 2 against Defendants Black and Purcell;

    (c)    Claim 4 against Defendants Brown and Allenby in their individual capacities; and

    (d)    the Americans with Disabilities Act ("ADA") sub-claim of

Claim 4 against Defendants Brown and Allenby in their official capacities;

(2) The magistrate judge shall direct service of process on Defendants Black and Purcell in their individual capacities and on Defendants Brown and Allenby in their official capacities;

(3) Defendants Black and Purcell shall file a responsive pleading to Claim 1;

(4) Defendants Brown and Allenby shall file a responsive pleading to the substantive due process and equal protection sub-claims of Claim 4; and

(5) Plaintiff's motion for leave to file supplemental pleadings is denied.

DATED: February 22, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE