IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VADIM STANLEY MIESEGAES,**<br><br>Plaintiff,<br><br>v.<br><br>**CLIFF ALLENBY, et al.,**<br><br>Defendants. | Case No. 2:15-cv-01574-CJC-RAO<br><br>**[PROPOSED] PROTECTIVE ORDER** |

The following Protective Order shall govern the use and disclosure of documents and/or information ("Confidential Information") to be produced following the Court's in camera review of documents and records containing protected health information (PHI) of third parties. FED. R. CIV. P. 26(C)(1). The Court's Order filed in the above-captioned matter on April 29, 2020 (ECF No. 139) provides the parameters for the materials that will be covered by this Protective Order.

1. Under no circumstances shall Confidential Information, either orally or by written form, be used in any proceeding other than the instant case or be disseminated, in any form, except by court order. This prohibition encompasses

any other ongoing litigation in state or federal court between Plaintiff and Department of State Hospitals, Atascadero, its officers, directors, employees, agents, staff, or counsel.

2. Under no circumstances shall Confidential Information, either written responses or produced documents, be publicly filed. Confidential Information cannot be quoted in a publicly filed document, described generally or specifically in a publicly filed document, and/or attached as evidentiary support to a publicly filed document. The Court will issue a further order regarding the appropriate steps to file Confidential Information under seal.

3. Documents, written discovery responses, summaries of expert opinion, or other writings containing Confidential Information will be clearly designated by adding "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" to the document.

4. Disclosure of Confidential Information shall be limited to the personnel and/or classification of persons listed below:

    a. Plaintiff Vadim Stanley Miesegaes, in *pro se*;
    b. Defendants, counsel for Defendants, and staff personnel employed by counsel for any party to this action;
    c. The Court and its personnel, in connection with this litigation;
    d. Experts or consultants retained to work on this case by counsel for any party to this action;
    e. Counsel, experts, or other consultants appointed on behalf of any party to this action (collectively referenced as appointee).

5. Defendants will produce to Plaintiff two copies of all records designated as Confidential Information. This will allow Plaintiff to maintain a copy for his personal information during the litigation, and have an additional copy available if needed to attach as exhibits to the Court and file under seal. Plaintiff is prohibited from making additional copies of Confidential Information.

6. In the event Plaintiff requires an additional copy of Confidential Information, he can request it from counsel for Defendants in writing with a brief explanation why the additional copy is necessary for the litigation. Counsel for Defendants shall respond to such a request within five court days of its receipt. If counsel for Defendants refuses to provide an additional copy of Confidential Information, counsel will notify the Court of Plaintiff's request and Defendants' reason for refusal within the same five court day period.

7. Confidential Information must be stored securely where individuals not subject to this Protective Order cannot access it. Plaintiff must keep the Confidential Information securely stored in his personal locker when he is not actively using it for this litigation. If Plaintiff removes Confidential Information from secure storage to work on this litigation, Plaintiff cannot leave Confidential Information unsecured at any time. For example, if Plaintiff is working on litigation issues in the shared library and needs to go to the bathroom or look at a book across the room, Confidential Information cannot be left unattended where anyone walking by could access it. Plaintiff must first re-secure Confidential Information in his personal locker, then may proceed to do whatever other tasks are necessary. Any breach of security of Confidential Information must be reported upon its discovery.

8. Protected Health Information (PHI) includes any information about non-parties relating to their health, medical conditions, diagnosis, and treatments protected by federal and/or state law including but not limited to information relating to HIV status, mental health, and substance abuse. It also includes personally identifying information that may appear on medical records such as address, phone number, birthdate, and social security number.

9. If Plaintiff, Defendants, counsel, or other appointee identify documents or other materials containing Confidential Information that have not been appropriately designated pursuant to paragraph 3 of this Protective Order, counsel

for Defendants, contact information below, should be notified immediately.  Any non-party PHI inadvertently not designated as Confidential Information shall be treated as Confidential Information pursuant to the terms of this Protective Order until appropriately designated materials can be provided.

Mary R. Conklin, Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Tel: (213) 269-6437; Fax: (916) 731-2125
E-mail:  Mary.Conklin@doj.ca.gov

10. Upon receipt of properly designated Confidential Information, any documents subject to paragraph 9 shall be returned according to the procedures set forth in paragraph 13 without delay even if the litigation is ongoing.

11. Counsel or the appointee for any party to this action shall, before any disclosure of Confidential Information, provide a copy of this Protective Order to those individuals to whom disclosure of Confidential Information is to be made and notify them of the contents of this Protective Order.  Before disclosure of Confidential Information, counsel or the appointee, shall obtain the consent of such individual that he or she will be bound by this Protective Order.  In the event such individual does not consent to be bound by the Protective Order, no disclosure of Confidential Information shall be made to such individual.

12. In the event that Plaintiff in *pro se* wants to disclose Confidential Information, he must make a motion to the Court and cannot make any disclosures until it is authorized by order of the Court.

13. Except for documentation filed under seal by the Court, all originals and copies of Confidential Information (including written discovery responses) shall be returned to Alison DeLong, Litigation Coordinator for Department of State Hospitals, Atascadero, or to counsel identified in paragraph 9, by all persons in receipt of the Confidential Information within ten (10) days after final termination

of this action, whether such termination occurs by settlement, judgment, dismissal, appeal, or otherwise. Plaintiff can notify any staff on his unit to contact Ms. DeLong to timely return Confidential Information.

14. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this action, whether such termination is by settlement, judgment, dismissal, appeal, or otherwise, until further order of the Court.

15. Plaintiff, Defendants, counsel, and any other authorized recipients of Confidential Information are reminded that willful violation of this Protective Order is punishable by the Court. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

IT IS SO ORDERED.

Dated: May 19, 2020

_____
Honorable Rozella A. Oliver
United States Magistrate Judge

LA2018601056
63283731.docx